## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## ATHENS DIVISION

RICHARD CHARLES ALLEN,     *

        Petitioner,     *

                                   CASE NO. 5:09-CV-90042 HL
v.                      *             28 U.S.C. § 2255
                                   CASE NO. 5:05-CR-56 HL

UNITED STATES OF AMERICA,     *

        Respondent.     *

## REPORT AND RECOMMENDATION

Petitioner's Motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255 is before this court for preliminary consideration as required by Rule 4 of the Rules Governing Section 2255 Proceedings For The United States District Courts.

## Procedural History

Petitioner Allen, along with others, was indicted in this court on June 16, 2005, for multiple counts of controlled substance offenses. (Doc. 1). On January 26, 2006, Allen entered into a Plea Agreement with the Government (Doc. 295) and pled guilty to Count I of the indictment, to wit., Conspiracy to Distribute More Than 50 Grams of Methamphetamine in violation of 21 U. S. C. § 846 in connection with § 841(a)(1) and § 841(b)(1)(B)(viii). (Doc. 296). Allen was sentenced on August 16, 2006, to a term of imprisonment of 162 months. (Doc. 403). The conviction and sentence were entered as the Judgment of the court on August 23, 2006. (Doc. 405). Petitioner did not appeal his conviction and/or sentence. Therefore, his conviction was final on September 3, 2006.[1] His one-year period of limitation pursuant to the AEDPA provisions codified in 28 U.S.C. § 2255 began to run on

---

[1]A defendant has 10 days after final judgment is entered to file a Notice of Appeal. Fed.R.App. P. 4(b)(1)(A). Foregoing proper filing of a Notice of Appeal begins the AEDPA 1 year period of limitation 10 days after judgment is entered in his case. *Clay v. United States,* 537 U.S. 522, 123 S.Ct. 1072 (2003).

September 4, 2006 and expired on September 3, 2007.

On August 2, 2007, the Government filed a Rule 35(b), Fed.R.Cr.P.,  Motion for Sentence Reduction (Doc. 433) pursuant to Section 4(C) of Petitioner's Plea Agreement (Doc. 295 at 6) and Allen's substantial assistance to the Government.  The court resentenced  Allen on the Government's Rule 35 Motion to a term of 144 months imprisonment on January 25, 2008. (Doc. 435).   On February 25, 2008, Allen filed a Motion For Reconsideration of the court's Sentence Reduction Order.  (Doc. 437).   That motion was denied on March 27, 2008. (Doc. 438).

Petitioner Allen filed his Motion To Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (presently under consideration here) on January 16, 2009. (Doc. 460).   There is no dispute that Petitioner's Motion To Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 was filed more than 16 months beyond the AEDPA one-year statute of limitations. Allen concedes in his post-hearing Brief  of his § 2255 Motion (Doc. 476) that his motion is untimely, but he contends that it should be considered timely under the doctrine of equitable tolling.  *Id.* at 2.

## Conclusions of Law

"Equitable tolling can prevent the application of the AEDPA's statutory deadline when 'extraordinary circumstances' have prevented an otherwise diligent petitioner from timely filing his petition." *Helton v.  Sec'y  for Dep't of Corr.,* 259 F.3d 1310, 1312 (11th Cir. 2001).  Equitable tolling is an extraordinary remedy that must be applied sparingly. *Drew v. Dep't of Corr.,* 297 F.3d 1278, 1286 (11th Cir. 2002).  "To be entitled to equitable tolling , [Petitioner] must show (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Lawrence v. Florida,* 549 U.S. 327, 127 S.Ct. 1079, 1085 (2007). "A truly extreme case is required." *Holland v. Florida,* 539 F.3d 1334, 1338 (11th Cir. 2008).

"A determination as to whether rare and exceptional circumstances are presented requires the examination of the facts in each case," *Arthur v. Allen,* 452 F.3d 1234, 1253 (11th Cir. 2006), and "[t]he burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner." *Wade v. Battle,* 379 F.3d 1254, 1265 (11th Cir. 2004)(citations omitted).

## Determination of Fact

Because the ultimate determination of whether equitable tolling is warranted is a decision which must rest on facts and not allegations, an evidentiary hearing was held to fully examine Petitioner Allen's claims for equitable tolling of the statutory limitations period.   On the issue of equitable tolling, Petitioner Allen testified at the § 2255 hearing that immediately following his original sentencing on August 16, 2006, to 162 months imprisonment, he asked his Attorney, Ms. Gomez, "What happened? ... [S]he told me that we'll try to get it back on the back end at the Rule 35. ... She came to see me at Jones County Jail, like I say, it was 10 to 14 days afterwards. ... At that point we didn't talk about anything, about any appeal, or anything for that matter. ... She told me that we'll file a Rule 35 motion, and that was that."  (Doc.473 at 56, 57).

Petitioner Allen was asked if he had discussed with Ms. Gomez his options related to filing a 2255 motion, to which he answered:

> I didn't even know what a 2255 motion was. ... I had told her I wasn't happy with the sentence, I wanted to appeal this sentence, and she told me that my best bet was a Rule 35, that she didn't feel as if I had any appealable issues, and she said that she felt like – – and like I told her, you know, I've been promised 10 years, 10 years or less whatever.  She felt like that I would receive that reduction on my Rule 35. ... I left it in her hands.

*Id.* at 58, 59.  Allen was asked, "At what point did you become aware of the availability of a 2255 motion?", to which he answered:

> Once I was in Yazoo, Mississippi in prison.  I hear people talking. ...
> I got to Yazoo October 16th , 2006. ... So like two months afterwards.
> ... Within a month or so, I find out about a 2255.  I tried to find out
> what it is.  I went over numerous, numerous calls and calls to Debra's
> (Attorney Gomez) office.  She's never in the office, she's out of town,
> preparing for a trial, sick, family matters, family issues.  Any excuse
> you could think of I heard. ... So there's – – this is a whole year
> window here, period, where she – – me and her never even spoke.

*Id.* at 59, 60.   Petitioner Allen was asked, "At what point did you become aware that there was

possibly a deadline issue for filing a 2255 motion?"  He answered:

> Somewhere – – not long after I learned about 2255.  I want to say
> December – – December of '06, January '07, somewhere in that time
> I realized that I only had one year from the date of sentencing from
> my 2255 motion. ...  I wrote her (Ms. Gomez) letters. ...  I left
> messages through her – – .

*Id.* at 60.  Petitioner Allen then produced, as Petitioner's Exhibits 1, 2, and 3, copies of letters which

he alleged to have mailed to his attorney regarding filing a 2255 motion, respectively dated January

5, 2007, March 11, 2007, and May 3, 2007.  *Id.* at 61, 62, 63.  Allen testified that he never got any

response to the letters from Ms. Gomez, and that he did not pursue any other avenue to file a 2255

motion prior to January 2009.  *Id.* at 64.

In regard to these letters, Ms. Gomez testified in rebuttal that she employes  a fairly

sophisticated mail-receipt log system, but that she had no record or memory of ever having received

any such letters.  *Id.* at 80- 81, 86-88.  Petitioner Allen did not present surrebuttal evidence or

testimony.

The record reflects the Government filed a Rule 35 Motion for reduction of Petitioner Allen's

sentence on August 2, 2007 (Doc. 433), and the Court further reduced Petitioner's sentence to 144

months imprisonment on January 25, 2008.  (Doc. 435).   More than a year thereafter on January

16, 2009,  Petitioner Allen filed, *pro se,* the present Motion To Vacate, Set Aside, or Correct

Sentence Pursuant to 28 U.S.C. § 2255.  (Doc. 460).

## Conclusions of Law

Allen cites in his post-hearing brief and relies upon *Downs v. McNeill,* 520 F.3d 1311,

1323 (11th Cir. 2008), decided March 24, 2008, in which the Courts states:

> We have decided that serious attorney misconduct, "[running] the
> gamut from acts of mere negligence to acts of gross negligence to acts
> of out right willful deceit," could constitute "extraordinary
> circumstances," which would justify equitable tolling of a movant's §
> 2255 motion.

The *Downs'* Court remanded that case for a factual finding as to the conduct of counsel in

regard to the untimely filing of a Motion To Vacate, Set Aside, or Correct Sentence Pursuant to 28

U.S.C. § 2255, and whether such conduct equated "extraordinary circumstances" which would justify

equitable tolling of the statute's period of limitations.  The *Downs* Court seemed to depart somewhat

from the existing law of the Eleventh Circuit Court of Appeals.  On August 18, 2008, the Court

clarified its position on lawyer conduct  and equitable tolling of the AEDPA one-year period of

limitations for filing habeas corpus  motions, stating in *Holland v. Florida,* 539 F.3d 1334, 1339

(11th Cir. 2008), as follows:

> In contrast to *Downs*, Petitioner [Holland] made in the district court
> no allegation of knowing or reckless factual misrepresentation or of
> lawyer dishonesty. Instead, Petitioner's allegations are limited to
> [Attorney] Collins's failure to communicate with Petitioner on the
> status of his case and to Collins's failure to file a federal habeas
> petition timely, despite repeated instructions to do so.  We will assume
> that Collins's alleged conduct is negligent, even grossly negligent.
> But in our view, no allegation of lawyer negligence or of failure to
> meet a lawyer's standard of care  - in the absence of an allegation and
> proof of bad faith, dishonesty, divided loyalty, mental impairment or
> so fourth on the lawyer's part  - can rise to the level of egregious

5

attorney misconduct that would entitle Petitioner to equitable tolling. Pure professional negligence is not enough. This case is a pure-professional-negligence case. We decline to extend *Downs* to the different facts of this case.

FN10. We recall the maxim that "[e]very exception not watched, tends to take the place of the rule." *See* S. Peloubet, *Legal Maxims* 294 (1884) (1985 ed.) ... We are attempting to keep the exception from extraordinary circumstances from being the rule.

Petitioner Allen's case cannot be distinguished from *Holland's* case. Allen has not alleged or testified to knowing or reckless factual misrepresentation or lawyer dishonesty. At most, if at all, he has made out a case of professional negligence. He has not shown that he was diligently pursuing his rights, nor that he was prevented from filing a *pro se* Motion To Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 by some extraordinary circumstance standing in his way. He has shown nothing extreme about his circumstances, nor adequately explained why he could not have filed a *pro se* motion (as he ultimately did), at any time after he discovered the existence of the § 2255 procedure in Yazoo, Mississippi in December of 2006, until the expiration of the one-year period of limitations on September 3, 2007, as calculated above. Allen has failed to carry his burden of proving his entitlement to any equitable tolling of the limitations period.

**WHEREFORE, IT IS RECOMMENDED** that Petitioner's Motion To Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 be DENIED as time-barred. Pursuant to 28 U.S.C. § 636 (b)(1), Petitioner may serve and file written objections to this Recommendation with the UNITED STATES DISTRICT JUDGE, WITHIN TEN (10) DAYS after being served with a copy hereof.

**SO RECOMMENDED** this 9th day of June 2009.

**S/ G. MALLON FAIRCLOTH**
**UNITED STATES MAGISTRATE JUDGE**